UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RTT TRUCK REPAIR, LLC** | **CIVIL ACTION NO. 09-1105** |
| -vs- | **JUDGE DRELL** |
| **PACCAR, INC., et al.** | **MAGISTRATE JUDGE KIRK** |

## RULING

Before the Court is the Motion to Dismiss filed by Caterpillar Inc. ("Caterpillar"). (Document No. 18.) Briefing is complete, and the Court finds no need for oral argument. For the reasons set forth herein, the Motion to Dismiss will be granted in part and denied in part.

Background

In its "Complaint for Redhibition and Damages" (Document No. 1), Plaintiff, RTT Truck Repair, LLC ("RTT"), contends Caterpillar manufactured the engine in a 2008 Kenworth truck Plaintiff purchased from Acadiana Mack Sales & Service, Inc., d/b/a Kenworth of South Louisiana, LLC ("Acadiana").[1] Plaintiff further alleges it returned the vehicle to an authorized Caterpillar repair facility on multiple occasions for complaints about the performance of the engine, but that the problems were not corrected. RTT claims the malfunctioning engine resulted from manufacturing defects that existed at the time of sale and rendered the vehicle inoperable in the intended manner of normal use. Plaintiff seeks rescission of the sale including a return of the purchase price, reimbursement for certain expenses related to the sale and repairs, lost profits, and

---

[1] Acadiana is not a party to the present litigation.

"compensation for all direct pecuniary and non-pecuniary losses suffered." (Document No. 1.)

Motion to Dismiss Standard and Applicable Law

As the Fifth Circuit Court of Appeals explained in City of Clinton, Ark. v. Pilgrim's Pride Corp., 2010 WL 5162041 (5th Cir. 2010):

> Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level."). We do not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Since this case is properly before the Court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332, Louisiana's substantive law applies. See Hall v. GE Plastic Pacific PTE Ltd., 327 F.3d 391, 395 (5th Cir. 2003), referencing Erie R. R. v. Tompkins, 304 U.S. 64 (1938).

Redhibition Action Against Manufacturer of Component Part

In its memorandum in support of the instant motion, Caterpillar relies primarily upon Pittman v. Kaiser Aluminum and Chemical Corp., 559 So.2d 879 (La. App. 4th Cir. 1990) for the proposition that no redhibition action may lie under Louisiana law against the supplier of a component part[2] of a thing manufactured and sold by another. (Document No. 18-1, p. 3.) In response, RTT counters that under Credeur v. Champion Homes of Boaz, Inc., 6 So.3d 339 (La. App. 3d Cir. 2009) and Aucoin v. Southern Quality

---

[2] In Pittman, the component parts at issue were allegedly defective electrical receptacles and wires.

2

Homes, LLC, 984 So.2d 685 (La. 2008), the manufacturer of a component part[3] that is separately identifiable from the finished product into which it is incorporated may be liable in redhibition for defects related to the component part. (Document No. 20, p. 2.)

Our colleague, District Judge Zainey, addressed a similar question in Howard Pardue/Pardue's Auto Repair, Inc. v. Cummins, Inc., 2009 WL 5171462 (E.D. La. 2009). In that case, plaintiff alleged that the Cummins engine in a 1999 Dodge truck was defective and failed prematurely. After reviewing multiple Louisiana cases and noting that the Louisiana Supreme Court summarily reversed (without explanation) an appellate court's decision that a plaintiff had no cause of action against a component part manufacturer in redhibition,[4] Judge Zainey denied defendants' motion for *summary judgment* and stated:

> Given that the Louisiana Supreme Court has never precluded a cause of action in redhibition against a component part manufacturer, and to the contrary has interpreted the statute liberally, this Court finds that Pardue does state a claim against Defendants in redhibition.

Id. at *2.

Our review of the jurisprudence leads us to the same conclusion at this relatively early stage in the current litigation, on a less-favored Fed. R. Civ. P. 12(b)(6) motion.

Caterpillar also contends it cannot be responsible in redhibition for the truck as a whole, because it is only alleged to have manufactured the engine. The jurisprudence, however, does not necessarily limit Plaintiff's remedy to the engine alone. See Washed Up On the Beach, LLC v. American Marine Holdings, 2010 WL 3923306, *4 (E.D. La. 2010)

---

[3] The component parts in Credeur and Aucoin were large portions of manufactured homes.

[4] Pitfield v. Dupont Family Playhouses, 575 So.2d 817 (La. 1991).

and cases cited therein. Therefore, resolution of this issue on a 12(b)(6) motion is inappropriate.

Nonpecuniary Damages

Finally, Caterpillar argues Plaintiff's claims for nonpecuniary losses should be dismissed, because a business entity may not recover non-economic damages under the circumstances presented. (Document 18-1, p. 7.) Plaintiff does not contest the argument in its opposition memorandum.

Although Louisiana law does contemplate recovery of certain nonpecuniary losses by a business entity, such as injury to a business reputation or commercial good name,[5] there is no indication in Plaintiff's Complaint for Redhibition and Damages of any factual allegations that would support such a claim. Therefore, Caterpillar's motion to dismiss on this point only will be granted.

Conclusion

For the reasons set forth above, the Motion to Dismiss filed by Caterpillar Inc. (Document No. 18) will be GRANTED IN PART, to the extent that Plaintiff's claims for nonpecuniary damages against Caterpillar Inc. will be dismissed, and the motion will be DENIED on all other grounds asserted.

SIGNED on this 7 day of March, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[5] See 6 Louisiana Civil Law Treatise § 6.19 (1999).

4